UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

**CIVIL ACTION NO. 08-200-JBC**

**ROY MULLINS,**                                                                              **PLAINTIFF,**

**V.**           **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                        **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

    This matter is before the court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of his application for Supplemental Security Income ("SSI") (R. 10, 11). The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I. Overview of the Process**

    Judicial review of the decision of an Administrative Law Judge ("ALJ") to deny benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y of Health & Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir.

1994). The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F. 3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520.

**II. The ALJ's Determination**

The plaintiff is a forty-three-year-old male with an eighth-grade education. AR 24, 121. He alleges disability beginning on April 15, 2002, due to neck, back, and left shoulder pain that was a result of a motor vehicle accident. AR 17, 20. The plaintiff filed his claim for SSI on January 3, 2006. AR 17. The claim was

denied initially on June 7, 2006, and upon reconsideration on August 14, 2006. *Id.* After a hearing held on November 22, 2007, and a supplemental hearing held on May 19, 2008, ALJ Ronald M. Kayser, determined that the plaintiff did not suffer from a disability as defined by the Social Security Act. AR 17, 26.

At Step 1, the ALJ found that the plaintiff had not engaged in substantial gainful activity since January 3, 2006 – the application date. AR 19. At Step 2, the ALJ found that the plaintiff's neck, back, and left shoulder pain were severe impairments. AR 20. The ALJ then, at Step 3, determined that the plaintiff's impairments did not meet or equal a listing in the Listing of Impairments. AR 21.

To assess the plaintiff's claims at steps 4 and 5, the ALJ found that the plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a), with the exception that he can lift/carry ten pounds occasionally and less than ten pounds frequently; he may stand or walk two hours out of eight with a sit/stand option allowing for moving around the work station every 30 minutes or so. AR 22. The ALJ further found that the plaintiff may sit six hours out of eight and has unlimited ability to push/pull but cannot frequently lift or work with the hands overhead. *Id.* The ALJ also determined that the plaintiff should avoid hyperextension of the cervical spine or repetitive bending or twisting. *Id.*

At Step 4, the ALJ found that transferability of job skills is not an issue because the plaintiff does not have a past relevant work history. AR 24. Finally, at

Step 5 the ALJ determined that, due to the plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the plaintiff can perform. *Id.* The ALJ therefore denied the plaintiff's claim for SSI. AR 26. On September 24, 2008, the Appeals Council denied the plaintiff's request for review of the ALJ's decision, and the plaintiff commenced this action. AR 3, R. 2.

### III. Legal Analysis

The plaintiff's only argument on appeal is that the ALJ erred by not re-contacting the consultative examiner, Takasha Stewart-Hubbard, MD ("Dr. Hubbard"). The plaintiff argues that, under the plain language of 20 C.F.R. § 416.919p(b), the ALJ had a duty to contact Dr. Hubbard after the Kentucky Disability Determination Services ("DDS") described Dr. Hubbard's consultative evaluative report as a "somewhat confusing opinion."

In support of his argument, the plaintiff cites two cases from other districts that involve an ALJ's failure to obtain information missing from the record from a medical source. *See Perkins v. Apfel*, 101 F. Supp. 2d 365, 377 (D. Md. 2000) (error for the ALJ not to recontact doctor to obtain activity level form that was not in the record); *Dyson v. Massanari*, 149 F. Supp. 2d 1018 (N.D. Ill. 2001) (error for the ALJ to reach a no-disability decision without the x-rays that a doctor and the ALJ himself recognized as being an important factor in making the disability determination).

4

The regulation, 20 C.F.R. § 416.919p(b), states: "If the report is inadequate or incomplete, we will contact the medical source who performed the consultative examination, give an explanation of our evidentiary needs, and ask that the medical source furnish the missing information or prepare a revised report." Therefore, the ALJ's duty to re-contact the consultative examiner, Dr. Hubbard, would not be triggered unless the evidence in the record is "inadequate or incomplete." *See Tucker v. Astrue*, 2008 WL 4181179 (E.D. Ky. Sept. 5, 2008) (citing 20 C.F.R. § 416.919p(b)).

In his decision, the ALJ did note that "[t]he Kentucky Disability Determination Services took issue with the findings of the consultative evaluation and adopted Judge Arnold's residual functional capacity instead (for a full range of sedentary work)." AR 24. However, the ALJ did not rely solely on the report from the Kentucky Disability Determination Services. Instead, the ALJ performed an independent review of all the medical evidence. This independent review included the review of Dr. Hubbard's report. AR 21, 24. The ALJ also reviewed the consultative examination findings by Dr. Hubbard with the medical expert, Dr. Hancock, who testified at the supplemental hearing on May 19, 2008. AR 23, 308-314.

The ALJ's independent review of the medical evidence demonstrates that the ALJ understood the findings of Dr. Hubbard and considered Dr. Hubbard's report in his decision, but that the ALJ found that Dr. Hubbard's report did not support

5

disabling limitations. AR 22-24. The ALJ stated in his decision: "The consultative evaluation at B9F by Dr. Hubbard on 03/01/06 shows some slight problems but full ranges of motion, some mild neck spasm but claimant was able to take his shirt off and put it back on." AR 24.

The record before the ALJ was not incomplete or inadequate to allow the ALJ to determine the issue of disability. Unlike the cases cited by the plaintiff, there is no evidence in this case that Dr. Hubbard had any additional information that might have led to a different result or that Dr. Hubbard failed to obtain any testing required for a disability determination. In addition, the plaintiff has not set forth what evidence the ALJ would have discovered had he re-contacted Dr. Hubbard. Accordingly, the ALJ was not obligated to re-contact Dr. Hubbard under 20 C.F.R. § 416.919p(b).

The findings of the ALJ are supported by substantial evidence. Accordingly, the plaintiff is not disabled within the meaning of the Social Security Act, and the ALJ's decision is affirmed.

**IV.  Conclusion**

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (DE 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (DE 11) is **GRANTED**.

Signed on April 13, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY